```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Herbilicious Music, et al.,       :

    Plaintiffs,                   :

  v.                                :        Case No. 2:06-cv-0254

4932 W. Broad St., Inc., et al,   :        JUDGE SMITH
                                                      MAGISTRATE JUDGE KEMP
    Defendants.                   :

<u>ORDER</u>

According to the complaint filed in this case, each of the four defendants infringed copyrights owned by the plaintiffs by playing or performing three musical compositions at a Columbus establishment known as Long Shots.  Initially, a default was taken against all four defendants, and plaintiff therefore filed for default judgment.  The default was subsequently vacated with respect to defendants Jeffrey P. Ferrelli, Thomas N. Royer, and 4932 W. Broad St., Inc.  However, the fourth defendant, Marco A. Dirocco, has not appeared in the action and is still in default.  Consequently, the Court is required to determine whether default judgment should be entered against him based upon plaintiffs' motion for default judgment and, if so, in what amount.

As plaintiffs correctly point out, in a copyright infringement action, a prevailing plaintiff is ordinarily entitled to injunctive relief, statutory damages, and attorneys' fees.  The Court agrees that this is an appropriate case for the award of all three types of damages.  The only significant question raised by the motion for default judgment is the amount of statutory damages, an issue over which the Court has substantial discretion given the broad range within which such damages may be calculated. <u>See Jobete Music Co. v. Johnson Communications</u>, 285 F.Supp.2d 1077 (S.D. Ohio 2003).

The facts pertinent to a determination of the amount of

statutory damages to be awarded against defendant Dirocco are as follows. Beginning in 2004, the plaintiffs attempted to persuade the defendants to enter into a licensing agreement based upon the fact that they were playing or performing copyrighted musical compositions at their establishment. Despite multiple efforts in 2004 and 2005 to obtain a licensing agreement, plaintiffs were unsuccessful. Initially, they corresponded only with Mr. Ferrelli, the secretary of defendant 4932 W. Broad St., Inc., but they ultimately spoke directly with and copied correspondence to Mr. Dirocco. He apparently directly refused to permit the corporation to enter into any type of licensing agreement or to pay any fees.

Had a licensing agreement been entered into, the fees payable would have been $5,269.48. When the fees were not paid, an employee of the plaintiffs visited Long Shots on one occasion and noted that three copyrighted compositions were performed. The Court has discretion to award statutory damages of between $750.00 and $30,000.00 for each of these violations, which may be increased if the violations were willful.

Typically, Courts award an amount of statutory damages which are in excess of license fees and which are sufficient to deter both the defendant and others from engaging in infringing activities. For example, in <u>Broadcast Music, Inc. v. J.M. Cirelli, Inc.</u>, 2006 WL 3386911 (N.D. Ohio November 21, 2006), the Court imposed a statutory penalty that was roughly 2.5 times the license fee as a deterrent to the defendants and others. The cases cited by plaintiffs in support of their motion employ similar reasoning.

Plaintiffs have requested a total of $15,000.00 in statutory damages, which is three times the license fee. The Court believes that an award of $12,000.00 is adequate in this case, especially when there are three additional defendants who are

2

litigating the issue and against whom, if they are found liable, additional penalties might be appropriate.  As a result, the Court will grant the request for a default, but will slightly reduce the amount of requested damages, awarding only $4,000.00 instead of $5,000.00 on each of the three counts of infringement.

Based upon the foregoing, the plaintiffs' motion for default judgment against defendant Marco A. Dirocco only (#12) is granted as follows:

1. Mr. Dirocco is ENJOINED and restrained permanently from acting, either alone or in concert with others, from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory, including those belonging to Plaintiffs, and from causing or permitting such compositions to be publicly performed at Long Shots, located in Columbus, Ohio, or at any other facility owned, operated, or conducted by defendant Dirocco, in whole or in part, and from aiding and abetting public performances of such compositions, unless defendant Dirocco shall have previously obtained permission to give such performances either directly from the plaintiffs or the copyright owners whose compositions are being performed by licence from ASCAP;

2. Mr. Dirocco is assessed statutory damages in the amount of $12,000.00; and

3. Mr. Dirocco is assessed attorneys' fees in the amount of $4,132.15.

Because the claims against the other defendants remain pending, the Clerk will not direct the entry of judgment against Mr. Dirocco at this time, although the injunction contained in this order shall be effective when personal service of this order is made.

                                    <u>/s/ George C. Smith            </u>
                                    United States District Judge